UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO NILES,

    Plaintiff,

v.                                                   Case No: 6:16-cv-999-Orl-40TBS

DENNY'S INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is a Joint Motion to Approve Mediated Settlement Agreement and Dismiss Case with Prejudice. (Doc 51). Upon due consideration, I respectfully recommend that the motion be **GRANTED, as set forth below.**

### Background

Plaintiffs filed separate suits[1] against Defendant ("Denny's") alleging that Denny's violated the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and Art. X, § 24(c) of the Florida Constitution by inappropriately taking a tip credit and not paying them for all of their time worked (Doc. 2 in each case). Denny's disputes the claims. The cases were consolidated by the District Court (Doc. 47) and the Parties settled the matter at mediation (Doc. 50). The instant motion followed.

Under the terms of the Parties' Settlement Agreement attached to the motion (Doc. 51-1), Denny's has agreed to pay each Plaintiff $800 for allegedly unpaid wages and an equal amount in liquidated damages ($1,600 total). Denny's has also agreed to pay

---

[1] See Roberts v. Denny's Inc.; Case No. 6:16cv1000-40TBS.

Plaintiffs' attorneys' fees and costs in the amount of $5,700. The Parties represent that attorneys' fees were negotiated and agreed upon separately and without regard to the amounts paid to Plaintiffs. The Parties seek approval of their Settlement Agreement and dismissal of the case with prejudice.

## Discussion

The Parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we

> allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

<u>Id</u>.

The Parties' proposed settlement yields only a small portion of the unpaid wages Plaintiffs originally claimed (<u>See</u> Doc. 38 in the instant case, and Doc. 29 in Case 6:16cv1000). Nonetheless, Plaintiffs acknowledge that, by accepting the settlement sums, "they have now been paid for all hours worked and all alleged overtime hours worked" and the payments "represent full compensation for the wage claims asserted in this lawsuit." (Doc. 51-1, ¶5). While this discrepancy would normally give the Court pause, the damage claims set forth in Plaintiffs' answers to Court's the interrogatories were estimates based on theories which were hotly contested by Defendant.[2]  In view of Plaintiffs' representations that they are now fully compensated, and as both sides were represented by counsel and the case settled with the assistance of a mediator, I accept the Parties' representation that, to the extent there was a compromise, the amounts reached represent a fair and equitable one.

With respect to the agreed-to sum for attorneys' fees and costs, the Parties represent that this was negotiated separately. <u>See</u> <u>Bonetti v. Embarq Management Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Upon review, I find the amount is not so excessive as to be considered unreasonable, especially in view of the amount of litigation reflected on the docket.

As for the remaining portions of the Settlement Agreement, the Waiver and Release of Claims provision (Doc. 51-1, ¶7) is impermissibly overbroad in that it seeks to

---

[2] Plaintiffs' estimated damages set forth in the interrogatories appeared to incorporate all the alleged claims, including the state law wage claims based on dual occupation and the 20% "rule." Denny's disputed both the legal and factual basis of these claims, and took the position that neither Plaintiff was entitled to any recovery at all under the FLSA.

- 3 -

release not only the named Defendant, but "its predecessors and successors in interest, assignees, parents, subsidiaries, divisions, employee leasing company, and related companies and entities and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys, insurers, and representatives ... in their individual and official capacities, and their heirs and legal representatives ..." Id. As Judge Dalton observed in Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-Orl-37TBS (M.D. Fla. Feb. 24, 2017):

> ... a plaintiff's FLSA claim–which is intended to remedy a defendant's violation of mandatory law–should not be used as leverage to procure a general release of all possible claims. For the same reasons, a general release may not be used to release a non-party.

Id., at 3 (internal citation and quotation omitted).

The overreach is not fatal, as the Settlement Agreement includes a severability provision (Id., ¶ 12). As the Agreement does not contain other provisions which would render it objectionable in this context, I suggest that the Waiver and Release be limited solely to the named Defendant. If modified, the Agreement is due to be approved.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1. The Agreement be **modified** by limiting the Waiver and Release of Claims to include only the named Defendant, as set forth above;

2. The motion be **GRANTED,** and the Settlement Agreement, as modified, be approved as a fair and reasonable compromise of a bona fide FLSA dispute;

3. The action be dismissed with prejudice; and

4. The Court close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 22, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record